# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

March 14, 1939

Mrs. Violet S. Greenhill
Chief, Division of Child Welfare
Board of Control
Austin, Texas

Dear Mrs. Greenhill:

Opinion No. O-465
Re: Violation of Article
4442a, Sec. 6a, R. C. S.
1925, as amended

Your letter of March 8, 1939, requesting an opinion
has been received by this department. The pertinent portion
of your letter being as follows. Does the following circular
and letter by a child-placing agency violate and contemplate
the violation of Article 4442a, Sec. 6a, R. C. S. 1925 as
amended?

### Circular

'"COST OF ADOPTION: Our agency has an adoption
fee in the amount of $10 to cover cost of home
call and investigation, supervision till final
adoption, notarization of release, etc., this
amount is not paid until and unless a baby is
actually taken from the home.

'"DEPOSIT TO COVER LEGAL EXPENSE OF FINAL ADOPTION:
When baby is removed from nursery a deposit in
the amount of Thirty Dollars must be made to cover
attorney fees, filing of papers, securing of birth
certificate, etc. This money will be held in
trust by our society but will be refunded where
baby is returned and legal adoption not consummated."'

### Letter

'"We understand through our representative, Mrs.
Blank, that you are interested in adopting a baby

from our agency. We are enclosing application
forms and information covering adoption procedure
in this agency and ask that you fill the former
out and return them to us together with one
dollar in postage stamps or money to cover cost
of contacting references.

'"We appreciate your interest in our work, and
upon receipt of your application, we shall give
it our immediate attention."'

It is the opinion of this department that the cir-
cular and letter quoted from above constitutes a violation
of such statute, as an attempt to charge or receive compen-
sation for the placement of a child, and that the carrying
out of the proposal set out in such circular and letter
would constitute a violation of such statute in that it
would be a charge for and the receiving of compensation for
placement of a child, prohibited by said statute.

With respect to your question as to whether or not
it would be questionable ethics for an attorney to handle
such adoption through such an agency without giving the
adopting parents the right to exercise their own free will
to select their own attorney, our answer is, "yes".

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

C. D. Mahon
Assistant

LDM:MK

APPROVED:

ATTORNEY GENERAL OF TEXAS